UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| JONATHAN D. LUKEFAHR, et ux., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 1:13-CV-151 JAR |
| | ) |
| U.S. BANK, N.A., et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Kozeny & McCubbin, L.C.'s Motion to Dismiss Plaintiffs' Complaint ("Motion" ECF No. 6). This matter is fully briefed and ready for disposition. For the reasons stated below, the Motion will be denied.

## BACKGROUND

Plaintiffs Jonathan and Rachelle Lukefahr claim to have an interest in the property located at 2673 Highway O, Perryville, Missouri 63775 ("the Property"), which is the subject of this litigation. (Petition, ¶4). On December 23, 2005, Jonathan Lukefahr executed a promissory note in favor of Loan America, Inc. and secured the promissory note by a deed of trust. (Petition, ¶5). On March 26, 2007, the promissory note and deed of trust were transferred to Wilmington Finance. (Petition, ¶6). Plaintiffs claim that they have no knowledge that the promissory note and deed of trust were lawfully transferred again. (Petition, ¶7).

On December 28, 2011, Defendant Kozeny & McCubbin, L.C. ("Kozeny") sent Plaintiffs a letter indicating that the Property would be sold by Kozeny at a trustee's sale on January 18, 2012. (Petition, ¶8).

Plaintiffs allege that they hired an attorney, who determined that the alleged transfer of the deed of trust from Wilmington Finance to U.S. Bank was a fraudulent document. (Petition, ¶9). Plaintiffs' attorney notified Kozeny of the title issues, putting Kozeny on actual notice of the fraud prior to any sale. (Petition, ¶10). On May 2, 2012, Kozeny purported to sell the Property at a trustee's sale to U.S. Bank. (Petition, ¶11).

In this action Plaintiffs allege causes of action against U.S. Bank and Kozeny for Action to Quiet Title (Count I) and Slander to Title (Count II). Defendant U.S. Bank removed this action to this Court on October 10, 2013, asserting that Kozeny was fraudulently joined and, therefore, this Court has diversity jurisdiction pursuant to 28 U.S.C. §1332. (ECF No. 1).

## STANDARD OF REVIEW

Under the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The pleading standard Rule 8 announces does not require "detailed factual allegations," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), but "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In ruling on a motion to dismiss, the district court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted); see also Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008) (citing Luney v. SGS Auto. Servs., Inc., 432 F.3d 866, 867 (8th Cir. 2005)). Only well-pleaded facts are accepted as true, while threadbare recitals of the elements of a cause of action, naked assertions devoid of factual enhancement, and legal conclusions are not. Ashcroft, 556 U.S. at 678. "[L]egal conclusions can provide the framework of a complaint, [but] they must be supported by factual allegations." Id. at 679. To survive a

motion to dismiss, a complaint must contain sufficient well-pleaded facts to state "a claim to relief that is plausible on its face." Id. at 678 (quotation omitted). A claim has facial plausibility when the well-pleaded facts allow a court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. If the well-pleaded facts do not plausibly entitle the plaintiff to relief, the claim should be dismissed. Id.

## DISCUSSION

### I. QUIET TITLE

Under Missouri law, an individual may bring a statutory cause of action to determine his or her interest in real property and quiet another party's title to that land. Under that statutory provision,

> Any person claiming any title, estate or interest in real property, whether the same be legal or equitable, certain or contingent, present or in reversion, or remainder, whether in possession or not, may institute an action against any person or persons having or claiming to have any title, estate or interest in such property, whether in possession or not, to ascertain and determine the estate, title and interest of said parties, respectively, in such real estate, and to define and adjudge by its judgment or decree the title, estate and interest of the parties severally in and to such real property.

Mo.Rev.Stat. § 527.150(1). "A plaintiff in an action to quiet title has the burden to prove title superior to the other party, not superior to the whole world, and must prevail on the strength of its own title and not on any weakness in the title of the other party." Ollison v. Vill. of Climax Springs, 916 S.W.2d 198, 203 (Mo.1996); Augustine v. Bank of Am., N.A., 4:11CV2251 CDP, 2012 WL 1379654, at *2 (E.D. Mo. Apr. 20, 2012).

Kozeny claims that the quiet title claim against it should be dismissed because Plaintiffs have not alleged that that they have superior title to all other parties. (Defendant Kozeny & McCubbin, L.C.'s Memorandum of Law in Support of its Motion to Dismiss Plaintiff's

Complaint ("Memorandum"), ECF No. 7, at 3). In addition, Kozeny asserts that it is not a necessary party to that claim because it is a trustee. (Memorandum at 4)

Kozeny's arguments are essentially the same as they argued in Augustine v. Bank of Am., N.A., 4:11CV2251 CDP, 2012 WL 1379654 (E.D. Mo. Apr. 20, 2012). The Augustine court first noted that "Missouri law follows the lien theory regarding mortgages, which means that 'a grantor in a deed of trust does not convey the title to a trustee, but creates a lien on the land to secure the payment of debt, and that the grantor continues [to be] the owner of the land until entry for breach of the condition of the deed of trust.'" Id., at *3 (quoting R.L. Sweet Lumber Co. v. E.L. Lane, Inc., 513 S.W.2d 365, 369 (Mo.1974) (citation and internal quotation marks omitted)). This means that the property owner "still holds legal title to his property, but his interest is subject to a lien held by the mortgagee[.]" Id., at *3. In Augustine, the plaintiff alleged that the defendants were "not the original lenders nor proper holders of the promissory note so as to have the proper power to appoint defendant Kozeny & McCubbin as successor trustee." Id., at *1.[1] The court held that the plaintiff's alleged interest in the property was sufficient to "plausibly conclude that his interest may be superior to that of defendants." Id., at *3; see Ollison, 916 S.W.2d at 203 (A plaintiff in a quiet title action need only prove the superiority of his title against that of the defendants, not against that of the whole world.). The Augustine court concluded that "if plaintiff is correct that defendants were not lawfully entitled to appoint a successor trustee and initiate foreclosure on the property by virtue of the absence of

---

[1] The court pointed out that the defendants characterized plaintiff's argument as a "show me the note" theory, "which claims that someone other than the original lender cannot initiate foreclosure on the property unless he or she can produce the original note, and which has been held inadequate to prove superior title by a number of courts." Augustine, 2012 WL 1379654, at *2; Hobson v. Wells Fargo Home Mortg, No. 2:11–CV–10 AGF, 2011 WL 3704815, at *2 (E.D.Mo. Aug. 24, 2011).

a legal assignment of the deed of trust or note, his interest would, in fact, be superior to that of the defendants." Id.

Here, Plaintiffs allege that the alleged transfer of the deed of trust from Wilmington Finance to U.S. Bank was a fraudulent document. (Petition, ¶9). Assuming that allegation as true, then U.S. Bank did not have a valid legal assignment of the deed of trust or note, and U.S. Bank did not have the authority to appoint Kozeny was as successor trustee. In such case, Plaintiffs would have superiority of title against Defendants. See Augustine, 2012 WL 1379654, at *3; Ollison, 916 S.W.2d at 203. At this stage of the litigation, Defendants have not come forward with any documents, such as an assignment of the deed of trust or the underlying note, sufficient to defeat Plaintiffs' plausible claim for quiet title. Therefore Plaintiffs' Petition has alleged sufficient facts that, if taken as true, raise a plausible claim for quiet title. The Court denies Kozeny's motion to dismiss on that basis.

Defendant Kozeny raises a further argument that, even if Plaintiffs state a plausible claim for quiet title, then Kozeny should still be dismissed because Kozeny is a mere trustee and has "no title interest under the law." (Memorandum at 4). Kozeny admits it is a "proper" party but states that it should be dismissed because it is not an "indispensable" or "necessary" party. (Memorandum at 4; Defendant Kozeny & McCubbin, LC's Reply to Plaintiff's Response to Its Motion to Dismiss ("Reply"), ECF No. 16, at 3). Kozeny claims that "absent some other properly pled cause of action that actually seeks relief from Kozeny, it should not be a party to this action." (Reply at 3).

The Court finds no basis for dismissing Kozeny at this stage of the litigation. "Kozeny & McCubbin, as trustee, may not be a necessary party to this suit, but it is still a proper party." Augustine, 2012 WL 1379654, at *3; Williams v. Kimes, 25 S.W.3d 150, 158 (Mo.

2000)(quoting Missouri Foreclosures of Deeds of Trust 8 (3d ed.1996))("'While the trustee is a proper party in a suit involving the deed of trust, she is not a necessary party.'"). The Court finds that Kozeny, as a proper party, has sufficient interest in the property to remain a party to the quiet title action. The Court denies Kozeny's motion to dismiss the quiet title action without prejudice.

## II. SLANDER OF TITLE

To establish a claim for slander of title under Missouri law, a plaintiff must prove: "(1) some interest in the property, (2) that the words published were false, (3) that the words were maliciously published, and (4) that he suffered pecuniary loss or injury as a result of the false statement." Lau v. Pugh, 299 S.W.3d 740, 748–49 (Mo.Ct.App. 2009) Augustine, 2012 WL 1379654, at *4 (E.D. Mo. Apr. 20, 2012); Tongay v. Franklin Cnty. Mercantile Bank, 735 S.W.2d 766, 770 (Mo. Ct. App. 1987)(citing Butts v. Long, 94 Mo.App. 687, 68 S.W. 754, 755 (Mo.App.1902)("Three things are necessary to maintain the action for slander of property or of title: 1) the words must be false; 2) they must be maliciously published; 3) they must result in pecuniary loss or injury to the plaintiff.").

Kozeny claims that Plaintiffs' pleadings do not meet the heightened pleading requirements for fraud under Fed.R.Civ.P. 9 in their slander of title claim. Specifically, Kozeny claims that Plaintiffs' allegation that "[t]he Lukefahrs hired an attorney, who researched title and determined that the alleged transfer of the deed of trust from Wilmington Finance to U.S. Bank was a fraudulent document" is insufficient because it does not identify what the attorney's research revealed. (Memorandum at 5). In addition, Kozeny argues that Plaintiffs failed to allege malice, which is a necessary element of a slander of title claim. (Memorandum at 5-6 (citing Tongay v.

Franklin Cnty. Mercantile Bank, 735 S.W.2d 766, 770 (Mo. Ct. App. 1987)("an action for slander of title cannot exist without a malicious intent")).

Plaintiffs assert that they have alleged all of the elements of a slander of title claim. Plaintiffs state that they have adequately pleaded slander of title because they allege that they have an interest in the property, that the trustee's deed falsely conveyed ownership in the property to U.S. Bank by Kozeny, and the Property was wrongly sold. (Plaintiff's [sic] Memorandum in Response to Defendant Kozeny & McCubin [sic], LC's Motion to Dismiss ("Response"), ECF No. 12, at 4). Further, Plaintiffs maintain that the malice has been shown because their attorney notified Kozeny that the alleged transfer of the deed of trust from Wilmington Finance to U.S. Bank was a fraudulent document prior to the sale of the Property. Id.; see Tongay v. Franklin Cnty. Mercantile Bank, 735 S.W.2d 766, 770 (Mo. Ct. App. 1987)(quoting Euge v. Golden, 551 S.W. 2d 928, 932 (Mo. Ct. App. 1977)("[r]ecordation of a false instrument does state a claim under slander of title.").

The Court finds, even though the pleadings could have been more precisely crafted, Plaintiffs' allegations generally state the required elements for a slander of title action. See Tongay, 735 S.W.2d at 770 ("If the allegations of a petition involve substantive principles of law which may entitle the pleader to relief, it will be sustained even though the cause of action is imperfectly or defectively stated.").

Although Kozeny's chief complaint is that Plaintiffs' allegations do not satisfy Rule 9, the Court finds that the allegations are sufficient under that standard. Under Rule 9(b), "the circumstances constituting fraud ... shall be stated with particularity." Rule 9(b)'s "particularity requirement demands a higher degree of notice than that required for other claims," and "is intended to enable the defendant to respond specifically and quickly to the potentially damaging

allegations." United States ex rel. Costner v. URS Consultants, Inc., 317 F.3d 883, 888 (8th Cir. 2003) (citing Abels v. Farmers Commodities Corp., 259 F.3d 910, 920–21 (8th Cir.2001)). "To satisfy the particularity requirement of Rule 9(b), the complaint must plead such facts as the time, place, and content of the defendant's false representations, as well as the details of the defendant's fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result." U.S. ex rel. Joshi v. St. Luke's Hosp., Inc., 441 F.3d 552, 556 (8th Cir. 2006)(citing Corsello v. Lincare, Inc., 428 F.3d 1008, 1012 (11th Cir. 2005); Schaller Tel. Co. v. Golden Sky Sys., Inc., 298 F.3d 736, 746 (8th Cir.2002). "Put another way, the complaint must identify the 'who, what, where, when, and how' of the alleged fraud." Joshi, 441 F.3d at 556 (citations omitted).

Plaintiffs' allegations are not specific regarding their discovery of the alleged slander of title. Plaintiffs do not detail the name of the attorney who discovered that the transfer of the deed of trust to U.S. Bank was fraudulent, and when such discovery was made. (Petition, ¶¶9-10). Although these allegations are not exact, they are not the basis of the fraud, and not governed by Rule 9. The fraud alleged relates to the transfer of the deed of trust from Wilmington Finance to U.S. Bank and the sale of the Property. Plaintiffs allege that the sale occurred on May 2, 2012 when Kozeny purported to sell the Property at a trustee's sale to U.S. Bank. (Petition, ¶11). Plaintiffs also alleged that this was the transfer of a knowingly fraudulent document. (Petition, ¶¶9-11). The Court finds that these allegations satisfy the "who, what, when and how" of the alleged fraud and are sufficient to state a claim for slander of title. The Court denies Kozeny's motion to dismiss Count II.

### III. SHOW ME THE NOTE

Finally, Kozeny argues that Plaintiffs' claim is essentially a "show me the note" cause of action, which has been discredited in numerous courts. (Memorandum at 6)(citing <u>Barnes v. Fed. Home Loan Mortgage Corp.</u>, 5:12-CV-06062-DGK, 2013 WL 1314200, at *4 (W.D. Mo. Mar. 28, 2013) <u>aff'd,</u> 13-2033, 2014 WL 67894 (8th Cir. Jan. 9, 2014).[2] This case can be differentiated from cases, such as <u>Barnes</u>, because Plaintiffs are not merely stating that defendant does not have physical possession of the note and deed of trust. Instead, Plaintiffs are alleging that the promissory note and deed of trust were never lawfully transferred after they had been transferred to Wilmington Finance in March 2007. (Response at 5). As discussed herein, Plaintiffs' allegations, if true, state a cause of action based upon superiority of title and are not dependent upon the mere physical possession of the note and/or deed. Plaintiffs have not alleged a "show me the note" claim, and the Court will not dismiss their claims on this basis.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Kozeny & McCubbin, L.C.'s Motion to Dismiss Plaintiffs' Complaint [6] is **DENIED**.

Dated this 23rd day of April, 2014.

                                           _/s/ John A. Ross_
                                           JOHN A. ROSS
                                           UNITED STATES DISTRICT JUDGE

---

[2] In <u>Barnes</u>, the plaintiff alleged that "[a]t the time of the foreclosure sale on March 29, 2012, [Defendants] did not have physical possession of the Note." 2013 WL 1314200, at *4.