# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| JONATHAN D. LUKEFAHR, et ux., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) No. 1:13-CV-151 JAR |
| U.S. BANK, N.A., et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on its review of the record. On October 10, 2013, U.S. Bank, N.A. ("U.S. Bank") removed this action from the Circuit Court of Perry County, Missouri to this Court. (ECF No. 1). U.S. Bank asserted that the amount in controversy exceeded $75,000. Further, U.S Bank claimed that this Court had diversity jurisdiction because one of the defendants, Kozeny & McCubbin, LC. ("Kozeny"), was fraudulently joined. (Id.) On April 23, 2014, this Court denied Kozeny's Motion to Dismiss Plaintiffs' Complaint (ECF No. 20). On April 25, 2014, the Court issued an Order for Defendants to show cause why this matter should not be dismissed for lack of jurisdiction. (ECF No. 21).

On May 5, 2014, U.S. Bank filed its Brief in Opposition to Remand (ECF No. 22). Therein, U.S. Bank argued that the Court should not consider Kozeny's citizenship for purposes of determining diversity jurisdiction. With respect to Count I for quiet title,[1] U.S. Bank argues that federal courts should not consider the citizenship of a successor trustee for purposes of diversity jurisdiction because a trustee is not a necessary party. (ECF No. 22 at 2) (citing Simms v. Nationstar Mortgage, LLC, 4:14-CV-243 CAS, 2014 WL 1515881, at *4 (E.D. Mo. Apr. 18,

---

[1] U.S. Bank considers this to be an equitable foreclosure claim.

2014)("it is well established that the trustee is not an indispensable or even a necessary party without whose presence there could not be a complete determination of the controversy")). U.S. Bank also argues that Plaintiffs fraudulently joined Kozeny in the slander of title claim in Count II because Plaintiffs' real claim is for wrongful foreclosure, and Kozeny is "a nominal party to the equitable claim." (ECF No. 22 at 3). U.S. Bank contends that Plaintiffs, who failed to plead that they were not in default on the mortgage at the time of the foreclosure sale, cannot state a cause of action in tort for slander of title where their real claim is in equity for wrongful foreclosure. (Id. at 4). U.S. Bank contends that, "Plaintiffs' only claim of wrongdoing is the alleged appointment of Kozeny as the successor trustee," which does not give rise to a cause of action for slander of title. (Id. at 4). U.S. Bank further argues that Plaintiffs should not be able to use a claim for slander of title as an "end run around established authority that disallows the use of tort claims at law against a successor trustee to scuttle diversity jurisdiction." (Id. at 4).

In response, Plaintiffs argue that Kozeny is not a nominal party with respect to Plaintiffs' claims in Count II for slander of title and, therefore, Kozeny's citizenship must be considered for jurisdictional purposes. Plaintiffs note that none of the cases cited by U.S. Bank include a count for slander of title. (ECF No. 27 at 2) (citing Simms, 2014 WL 1515881, *4; Wyatt v. Liberty Mortg. Corp., No. 4:13–cv–00317–DGK, 2013 WL 6730298, *4 (W.D. Mo. Dec. 19, 2013); Wivell v. Wells Fargo Bank, N.A., No. 12–3457–CV–S–DGK, 2013 WL 2089222, *2-3 (W.D. Mo. May 14, 2013); and Caranchini v. Kozeny & McCubbin, LLC, No. 4:11–CV–0464–DGK, 2011 WL 5921364, at *3 (W.D. Mo. Nov. 28, 2011)).

Upon consideration of these arguments, the Court finds that Plaintiffs state a claim for slander of title against Kozeny in Count II. Contrary to U.S. Bank's argument, Plaintiffs allege more than Kozeny was wrongfully appointed. (ECF No. 22 at 4). Plaintiffs allege that they

notified Kozeny that the deed of trust from Wilmington Finance to U.S. Bank was fraudulent, but that Kozeny wrongly transferred title after it was notified of the title issue. (Petition, ECF No. 2, ¶¶9-10). Thus, Plaintiffs alleged that Kozeny participated in the transfer of a knowingly fraudulent document. (Petition, ¶¶9-11). The Court finds that this actual knowledge differentiates this case from the equitable cases cited by U.S. Bank. The Court holds that Plaintiffs state a claim under tort law because Kozeny proceeded with the foreclosure, even after it was notified of the allegedly fraudulent documents. See Euge v. Golden, 551 S.W.2d 928, 932 (Mo. Ct. App. 1977) (citing Greenlake Inv. Co. v. Swarthout, 166 S.W.2d 697 (Mo.App.1942)) ("Recordation of a false instrument does state a claim under slander of title."). As in Euge, "Plaintiff here alleges a false deed of trust was recorded against his property with intent to defraud him." 551 S.W.2d at 932. Based upon this allegation, the Court finds that Plaintiffs adequately state a claim for slander of title, such that Count II cannot be considered to be an "end run" solely for purposes of defeating jurisdiction. Therefore, the Court finds that Kozeny is a proper party to this action and remands this action to the Circuit Court of Perry County.

Accordingly,

**IT IS HEREBY ORDERED** that this case is **REMANDED** to the Circuit Court of Perry County, State of Missouri. An Order of Remand will accompany this Memorandum and Order.

Dated this /3th day of May, 2014.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE